UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THANOUSITH SINGHARATH,<br>    Petitioner,<br><br>    v.<br><br>DAVID WESLING, Acting Director of the Boston Field Office, U.S. Immigration and Customs Enforcement, et al.,<br>    Respondents. | C.A. No. 25-cv-668-MRD-AEM |

## ORDER

    Before the Court is Petitioner Thanousith Singharath's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that the Respondents violated 8 U.S.C. § 1231 and his due process rights when they detained him on December 11, 2025. *Id.* at 1, 7. The Court has reviewed the Respondents' Response to the petition, the additional memoranda from each party, the supplemental declaration appended to the Respondents' supplemental memorandum, and the case law relevant to the arguments before the Court. ECF Nos. 4, 7, 9, 10. The Court held a remote hearing on Monday, December 22 and continued the hearing to today to afford the Respondents the opportunity to compile some additional information. At the hearing held earlier this afternoon, the Court granted the Petition and explained its reasoning on the record. The remainder of this Order will memorialize the Court's decision.

    The regulations governing revocation of a noncitizen's release from detention pending removal are clear about what ICE needs to do and show. *See* 8 C.F.R. §§ 241.13(f), (i)(2); *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023); *see also Nguyen v. Hyde*, 788 F. Supp. 3d 144, 150 (D. Mass. 2025). The Government has not been able to show that ICE followed or met the standard set out in § 241.13(i) when it detained Petitioner on December 11. The request to obtain travel documents for Petitioner was apparently placed yesterday within the ICE agency, *see* ECF No. 10-1 at 2 ¶ 6. This request in all likelihood was made after the Court held the first part of the hearing on the pending Petition and is woefully insufficient to satisfy this Court that ICE, on or before December 11, had made an individualized determination

that there was a change in circumstances for this Petitioner such that there was a "significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future." *Kong*, 62 F.4th at 620 (quoting § 241.13(i)(2)). This Court may not make this finding in the first instance. *Id.* Therefore, the Petition for Writ of Habeas Corpus is GRANTED. This Court lifts its December 13 Order, ECF No. 3, restricting Mr. Singharath's removal from the district for the sole purpose of processing his release from custody. The Respondents shall immediately begin the process to transport Petitioner to the ICE office in Burlington, Massachusetts to process his release. Petitioner is expected to comply with the same conditions as those imposed in the order of supervision under which Petitioner has been placed since his release from detention in 2017. *See* ECF No. 1 at 5 ¶ 33.

While Petitioner is on supervised release, there is nothing in this Order to prevent Respondents from either requesting the Government of Laos to accept Petitioner's return or from securing travel arrangements on a chartered flight to Laos. If ICE secures a travel document for Petitioner, then ICE may re-detain him for removal. *See Kong*, 62 F.4th at 619-20.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

12/23/2025